HANORAH KELLY, Appellant, *v.* MICHAEL J. KELLY, as Committee of the Estate of MARY ANN KELLY, a Lunatic, Respondent.

*Security for costs — cannot be required of the committee of an incompetent in an action against him.*

The express permission given to the court in section 3271 of the Code of Civil Procedure, to require security for costs to be given in an action brought *by* the committee of an incompetent, is an implied denial of the right to require the giving of such security in an action brought *against* such a committee.

APPEAL by the plaintiff, Hanorah Kelly, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Rensselaer on the 30th day of April, 1902, granting the defendant's motion to require the plaintiff to furnish security for costs.

*John T. Norton,* for the appellant.

*John P. Curley,* for the respondent.

PER CURIAM:

By section 3271 of the Code of Civil Procedure the court is authorized, in its discretion, to require the plaintiff to give security for costs in an action brought *by* the committee of a person judicially declared to be incompetent to manage his affairs. No authority is therein given to require security for costs in an action brought against such committee. If we assume for the argument that prior to the Code provision the court had power to require security for costs in certain cases, the express permission contained in section 3271 to require security in an action brought *by* a committee would seem to contain an implied denial of the right to require security in an action brought against such a committee. This implication would also seem to be strengthened by the first provision of the section which authorizes security to be given in certain cases when brought by or against an executor, etc.

The order should be reversed, with ten dollars costs and disbursements.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied.